IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TIAWAN BRITTON, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE No. _____ |
| K&G WORLD INC., | ) | |
| | ) | |
|     Defendant. | ) | |

## COMPLAINT

COMES NOW, TIAWAN BRITTON, by and through the undersigned counsel, and files this, his Complaint against Defendant K&G WORLD INC. pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION AND VENUE

1.    This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

2.    Venue is proper in the federal District Court for the Northern District

of Georgia, Atlanta Division.

## PARTIES

3.      Plaintiff TIAWAN BRITTON (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Atlanta, Georgia (Fulton County).

4.      Plaintiff suffers from Spinal Muscular Atrophy ("SMA") and is disabled as defined by the ADA.

5.      Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and pinching.

6.      Plaintiff cannot walk and uses a wheelchair for mobility purposes.

7.      Defendant K&G WORLD INC. (hereinafter "Defendant") is a Georgia corporation that transacts business in the State of Georgia and within this judicial district.

8.      Defendant may be properly served with process via its registered agent for service, to wit: Prem Randhawa, 2018 Pine Forest Court, Jonesboro, Georgia, 30236.

## FACTUAL ALLEGATIONS

9.      On or about August 6, 2022, Plaintiff was a customer at "West View

Food Mart," a business located at 2049 Martin Luther King, Jr. Drive, Atlanta, Georgia 30310.

10.     Defendant is the owner (or co-owner) of the real property and improvements that are the subject of this action. (The contiguous, multi-tenant structure and improvements situated upon said real property shall be referenced herein as the "Facility," and said real property shall be referenced herein as the "Property").

11.     Plaintiff lives approximately nine (9) miles from the Facility and Property.

12.     Plaintiff's access to the business(es) located at 2049 Martin Luther King, Jr. Drive, Atlanta, Georgia 30310 (Fulton County Property Appraiser's parcel number 14 0173 LL0052), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facility and Property, including those set forth in this Complaint.

13.     Plaintiff has visited the Facility and Property at least once before and intends on revisiting the Facility and Property once the Facility and Property are

made accessible.

14.    Plaintiff intends to revisit the Facility and Property to purchase goods and/or services.

15.    Plaintiff travelled to the Facility and Property as a customer and as an advocate for the disabled, encountered the barriers to his access of the Facility and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facility and Property.

<u>**COUNT I**</u>
<u>**VIOLATIONS OF THE ADA AND ADAAG**</u>

16.    On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

17.     The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

18.    The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

19.    The Facility is a public accommodation and service establishment.

20.    The Property is a public accommodation and service establishment.

21.    Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991,

4

the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

22.    Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

23.    Liability for violations under Title III or the ADA falls on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

24.    The Facility must be, but is not, in compliance with the ADA and ADAAG.

25.    The Property must be, but is not, in compliance with the ADA and ADAAG.

26.     Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in his capacity as a customer of the Facility and Property, and as an advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges,

advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

27.    Plaintiff intends to visit the Facility and Property again in the future as a customer and as an advocate for the disabled in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28.    Defendant has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

29.    Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facility and Property, including those specifically

set forth herein, and make the Facility and Property accessible to and usable by Plaintiff and other persons with disabilities.

30.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facility and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facility and Property include, but are not limited to:

a.     The Property lacks an accessible route from the public sidewalk to the accessible entrance(s) of the Facility, in violation of section 206.2.1 of the 2010 ADAAG standards.

b.     There are no disabled accessible parking spaces on the Property that comply with section 502 of the 2010 ADAAG standards, in violation of section 208 of the 2010 ADAAG standards. In the alternative, the accessible parking space(s) on the Property are missing signage, inadequately marked and do not have adjacent access aisles, in violation of sections 208.2, 502.1, 502.3 and 502.6 of the 2010 ADAAG standards.

c.     The ramp on the Property that is situated on the western side of the sidewalk that provides access to the tenant spaces of the

Facility ("Ramp 1") is located behind parking stops and standard parking spaces, and thus the ramp is entirely obstructed when vehicles are parked in such standard spaces, in violation of section 403.5.1 of the 2010 ADAAG standards.

d.      Further, Ramp 1 is severely degraded, and has significant amounts of broken pavement and vertical rises at its base, in violation of section 405.7 of the 2010 ADAAG standards.

e.      There is a second ramp on the Property at the front of the sidewalk that provides access to the tenant spaces of the Facility, located between the "West View Food Mart" and Barber Shop portions of the Facility ("Ramp 2"). Ramp 2 is situated between standard parking spaces, and thus Ramp 2 is also entirely obstructed when vehicles are parked in such standard spaces, resulting in the ramp's width being below the minimum 36" (thirty-six inches), in violation of sections 403.5.1 and 502.7 of the 2010 ADAAG standards.

f.      Ramp 2 is also severely degraded, and has vertical rises in excess of ¼" (one quarter inch) at its base, in violation of section 405.7 of the 2010 ADAAG standards, has extreme slope

exceeding 1:12 (one to twelve), in violation of section 405.2 of the 2010 ADAAG standards. and lacks finished edges (or edge protection), in violation of section 405.9 of the 2010 ADAAG standards.

g.   There is a second ramp on the Property at the front side of the sidewalk that provides access to the tenant spaces of the Facility,

h.   There is a third ramp on the Property at the eastern end of the sidewalk that provides access to the tenant spaces of the Facility ("Ramp 3") that is also severely degraded, and has vertical rises in excess of ¼" (one quarter inch) at its base,  has extreme slope exceeding 1:12 (one to twelve), in violation of section 405.2 of the 2010 ADAAG standards, and its side flares have slopes in excess of 1:10 (one to ten), in violation of section 406.3 of the 2010 ADAAG standards.

i.   The interior of the "West View Food Mart" portion of the Facility has sales and services counters lacking any portion of which that has a maximum height of 36" (thirty-six inches) from the finished floor, in violation of section 904.4 of the 2010

ADAAG standards, and reach depth exceeding 25" (twenty-five inches), in violation of section 308.2.2 of the 2010 ADAAG standards.

j.   The Facility and Property have not been adequately maintained in operable working condition for those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities, in violation of section 28 C.F.R. § 36.211.

k.   Upon information and good faith belief, Defendant fails to adhere to a policy, practice and procedure to ensure that all features and facilities at the Facility and Property are readily accessible to, and usable by, disabled individuals.

31.   Without limitation, the above-described violations of the ADAAG made it more difficult for Plaintiff to find and utilize a disabled accessible parking space, and more difficult and dangerous for Plaintiff to travel upon the accessible routes and utilize the ramps on the Property.

32.   The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

10

33.    Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory conditions present at the Facility and Property in violation of the ADA.

34.    The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

35.     All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

36.    Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low.

37.    Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because Defendant has the financial resources to make the necessary modifications.

38.    In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

39.    Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those alleged herein.

40.    Plaintiff's requested relief serves the public interest.

41.    The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

42.    Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

43.    Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)    That the Court find Defendant in violation of the ADA and ADAAG;

(b)    That the Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices;

(c)    That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Facility and

Property to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA;

(d)    That the Court award Plaintiff's counsel reasonable attorneys' fees, litigation expenses and costs; and

(e)    That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: August 9, 2022.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (404) 365-4460
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich

13